UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SATISH EMRIT, *et al.*,

    Plaintiff,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE, *et al.*,

    Defendants.
_____/

Case No. 25-cv-11088

F. Kay Behm
U.S. District Judge

## OPINION AND ORDER DISMISSING COMPLAINT (ECF No. 1) WITHOUT PREJUDICE AND ENJOINING FILER UNDER LR 5.2

Plaintiff, Ronald Satish Emrit, filed this complaint on April 15, 2025, against a number of defendants, including the United States Patent and Trademark Office (USPTO), United States Department of Commerce, NASA, the Kennedy Space Center, the American Institute of Physics, and the National Science Foundation, seeking 1) a design and utility patent without having to go through the "red tape" of obtaining a patent, ECF No. 1, PageID.12, 2) recognition of his theories of "quantum mechanics and astrophysics even though there is no mathematical proof for these ideas," *id.* at PageID.13, and 3) damages for unspecified tortious interference with a contract and business

relations, *id.* at PageID.10-11. He also filed an application to proceed *in forma pauperis*, which this court **GRANTS**. (ECF No. 2). For the reasons set forth below, the court **DISMISSES** the complaint without prejudice under 28 U.S.C. § 1915(e) and Fed. R. Civ. P 12(b)(1) because this court lacks subject matter jurisdiction and his complaint fails to state a claim on which relief may be granted.

    A district court "may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–537, 94 S.Ct. 1372 (1974)); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.). Further, under 28 U.S.C. § 1915(e), a district court is required to screen for, and *sua sponte* dismiss as frivolous, claims brought by *pro se* litigants proceeding *in forma pauperis* based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless. *See*

*Gifford v. Grassley*, No. 20-10762, 2020 WL 4006845, at *2 (E.D. Mich. Apr. 6, 2020), *report and recommendation adopted*, No. 20-10762, 2020 WL 2028572 (E.D. Mich. Apr. 28, 2020); *Neitzke v. Williams*, 490 U.S. 319, 109 (1989). "Within the former category fall those cases in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality." *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990); *see Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *Barnaby v. Mayfield*, No. 20-1564, 2021 U.S. App. LEXIS 13422, at *2-3 (6th Cir. May 5, 2021) (citing *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)). A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction.") (citing 28 U.S.C.A. § 1915(e)(2)(B); Fed. R .Civ. P. 12(h)(3)). Under Federal Rule of Civil Procedure 8(a)(1), all pleadings – even those brought *pro se* –

3

must properly invoke the jurisdiction of the federal courts by "short and plain statement of the grounds for the court's jurisdiction." Finally, a court must dismiss any claim on which relief may not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In considering whether a complaint should *sua sponte* be dismissed for lack of subject matter jurisdiction or that it lacks a basis in law under § 1915(e), the court is especially mindful that a *pro se* litigant's complaint is to be construed liberally. *Dekoven v. Bell*, 140 F. Supp. 2d 748, 754 (E.D. Mich. 2001) (citing *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994). Further, "because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." *Dekoven*, 140 F.Supp.2d at 754. Thus, every complaint is "entitled to a thorough review to determine whether it has merit and states a federally cognizable claim." *Id.* However, a plaintiff, even proceeding *pro se*, must still "plead factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After a thorough and careful review of Plaintiff's complaint, taking all allegations as true and construing them liberally, Plaintiff fails to invoke this court's subject matter jurisdiction or state a claim on which relief may be granted. The claims in Plaintiff's complaint that might arise under federal law have no plausibility and lack any arguable basis in law or fact. *See Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025) (dismissing this exact same complaint brought in that district, and discussing in detail the lack of any merit or plausibility to his allegations). To the extent that the Complaint is coherent at all,[1] when viewed liberally and in the light most favorable to Plaintiff, it appears that he seeks to "avoid the red tape" of United States patent law, and have this court grant him a patent and require the government and various agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity, and special relativity. But even assuming for a moment that the court could enter

---

[1] For example, "[f]or reasons neither explained by Plaintiff nor understandable as written, Plaintiff [] spends four pages of the Complaint apparently including links to music videos." *Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025).

5

any part of such an extraordinary order, his "theories" lack any facial plausibility and the factual basis of his claims is frivolous.  *See e.g.*, Complaint, ECF No. 1, PageID.5-6 ("The plaintiff's music video . . . is connected to [the] Temple of Artemis and the Hanging Gardens of Babylon . . . ."); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) ("Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios."). He simply "fails to state any constitutional violation" or violation of federal law to invoke this court's federal question jurisdiction.  *See Emrit*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025).

Meanwhile, as to his state law claims (and possible invocation of this court's diversity jurisdiction), Plaintiff's statement of jurisdiction alleges that he is a resident of Florida and Maryland, and alleges only that the Eastern District of Louisiana might have jurisdiction over his case (ECF No. 1, PageID.3) – but not the Eastern District of Michigan.[2] Even assuming that he could properly allege complete diversity of citizenship, given that none of the parties are alleged to be located in

---

[2] But again, even the Eastern District of Louisiana found that he had not invoked its jurisdiction because he did not allege the citizenship of any party. *Emrit*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025).

6

Michigan and that no events of any kind are alleged to have occurred in this district, venue would also plainly be improper. *See Fisi v. Extra Space Storage, Inc.*, No. 23-11825, 2023 U.S. Dist. LEXIS 138871, at *3 (E.D. Mich. Aug. 9, 2023) ("an action may be dismissed under 28 U.S.C. § 1915 when improper venue is 'obvious from the face of the complaint and no further factual record is required to be developed.'") (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)); *see also Lea v. Warren Cty.*, No. 16-5329, 2017 U.S. App. LEXIS 18884, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) (affirming district court's sua sponte dismissal for improper venue).

Finally, the court notes that Plaintiff is a frequent flyer in the federal courts and has filed hundreds of frivolous lawsuits to date. *See Emrit v. Universal Music Grp.*, No. 3:19-CV-05984-BHS, 2019 U.S. Dist. LEXIS 204613, at *3 (W.D. Wash. Nov. 4, 2019) (collecting cases); *Emrit v. Combs*, No. 1:24-cv-129, 2024 U.S. Dist. LEXIS 44998, at *1 (W.D. Mich. Mar. 14, 2024) (Emrit has filed "hundreds of frivolous legal actions" over the last ten years). Most relevantly to the present case, he appears to have filed this exact same complaint over the past few weeks in the Eastern District of Louisiana (Case No. 25-00720), Middle

7

District of Louisiana (25-00301), Western District of Louisiana (25-00453), Southern District of Indiana (25-00723), Northern District of Indiana (25-00170), Vermont District Court (25-00392), Maine District Court (25-00141), Middle District of North Carolina (25-00279), Eastern District of Texas (25-00167), and possibly more. Many courts have, in recognition of Plaintiff's long history of frivolous filings and misuse of the privilege of proceeding *in forma pauperis*, entered pre-filing restrictions against him as a vexatious litigant. *See, e.g.*, *In re: Ronald Satish Emrit*, Case No. 15-80221, ECF No. 2 (9th Cir. 2016); *Emrit v. Sec'y of Haw.*, 17-CV-504, 2018 U.S. Dist. LEXIS 312, 2018 WL 264851, at *2 n.2 (D. Haw. Jan. 2, 2018) (cataloguing a sampling of then-current orders against Plaintiff); *Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025) (dismissing this exact same complaint brought in that district, noting that "multiple districts across the country" have subjected him to prefiling requirements, and entering a prefiling order against Plaintiff).

    Therefore, the court **DISMISSES** Plaintiff's entire complaint and this case without prejudice.

It is **FURTHER ORDERED** that, just as many other district courts have done, because the court finds that Plaintiff has engaged in a pattern of filing repetitive, frivolous, or vexatious cases in district courts across the country, including this one, despite having no connection whatsoever to this district, he is **ENJOINED** from filing actions in this district under E.D. Mich. LR 5.2 unless he follows one of the following processes. In the future, in order to file a lawsuit in the Eastern District of Michigan, Emrit must either pay the full filing fee OR may request leave to proceed *in forma pauperis* and must provide, with the complaint, a certification from an attorney in good standing in this district that (1) the claims in the complaint are not frivolous, (2) the lawsuit is not brought for an improper purpose, and (3) the action is being filed in the correct venue. The Clerk is **DIRECTED** not to accept for filing any papers he submits unless his submission accords with either of the above processes.

This is a final order that closes the case.

**SO ORDERED**.

Date: April 23, 2025          <u>s/F. Kay Behm</u>
                                               F. Kay Behm
                                               United States District Judge